401 A.2d 358

COMMONWEALTH of Pennsylvania, Appellee,

v.

Ted Steven EHREDT, Appellant.

Supreme Court of Pennsylvania.

Argued March 9, 1979.

Decided May 1, 1979.

Ralph T. Forr, Jr., Asst. Public Defender, for appellant.

Thomas G. Peoples, Jr., Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

Appellant, Ted Steven Ehredt, was convicted by a jury of receiving stolen property. After a denial of his motions for a new trial and in arrest of judgment, judgment of sentence of six to twenty-two months imprisonment was imposed. An appeal was taken to the Superior Court which, by an equally divided court, affirmed the judgment of sentence.[1] We granted a petition for allowance of appeal.

Ehredt complains, inter alia, that the trial court erred in granting a Commonwealth application for extension of time in which to begin his trial filed pursuant to Pa.R.Crim.P. 1100 [hereinafter: Rule 1100].

Rule 1100(c), in pertinent part, provides:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

Specifically, Ehredt asserts the Commonwealth did not exercise "due diligence" in commencing his trial within the term mandated by the Rule.

On January 9, 1975, a criminal complaint was filed against Ehredt charging him with receiving stolen property. Therefore, pursuant to Rule 1100(a)(2),[2] trial should have been commenced on or before July 8, 1975.[3]

---

1. *Commonwealth v. Ehredt,* 255 Pa.Super. 84, 386 A.2d 147 (1978).

2. Rule 1100(a)(2) provides: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

3. Our calculation is made in accordance with 1 Pa.C.S.A. § 1908 (Supp.1978–79) which mandates exclusion of the first day and inclu-

Ehredt's trial was originally scheduled for July 1, but was continued to a later date because the courtroom to which it was assigned was in use. The case was rescheduled for trial on July 9. On July 7, the one hundred and seventy-ninth day, the Commonwealth filed its application for extension pursuant to Rule 1100(c). On July 8, Ehredt filed an application to dismiss the complaint with prejudice pursuant to Rule 1100(f).[4] Both motions were argued on July 9, the one hundred and eighty-first day after the filing of the complaint, after which the court granted the Commonwealth's application for an extension. Trial commenced that same day—the one hundred eighty-first day after the filing of the complaint.

The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). Cf. *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted. See *Commonwealth v. Mitchell*, supra.

Instantly, while the Commonwealth may initially have been diligent in its attempt to commence Ehredt's trial on July 1, 1975, it has not met its burden of establishing "due diligence" in attempting to commence the trial subsequent to that date and prior to the expiration of the term mandated by the Rule.

sion of the last. See *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977).

4. Rule 1100(f), in pertinent part, provides:
   "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated."

At the extension "hearing," [5] the assistant district attorney stated "good cause" for the grant of an extension existed because "[s]everal Commonwealth witnesses indicated that although they were available on July 1, 1975, they would not be available on July 2 or 3 and that in fact the earliest day when the Commonwealth's witnesses would all again be available would be July 9, 1975." [6]

■ Although the preponderance standard is the least burdensome standard of proof known to the law, *Commonwealth v. Mitchell,* supra, a bare statement by the Commonwealth's attorney that several witnesses are "unavailable," without more, does not establish "due diligence" within that standard.[7] While the unavailability of a witness may be a relevant factor in determining whether an extension should be granted, see *Commonwealth v. Brown,* 252 Pa.Super. 365, 381 A.2d 961 (1977), "[m]ere assertions of due diligence and unproven facts, do not establish cause for an extension

5. At the extension "hearing," no testimony was offered by the Commonwealth in support of the allegation in its application to extend. Rather, the "hearing" consisted only of oral argument by the assistant district attorney and defense counsel.

6. Defense counsel made no objection to this argument even though it was not alleged in the application for extension.

7. The Commonwealth's application for extension filed July 7, 1975, stated the necessity for the Rule 1100 extension existed because a transcript essential to the case was not received from a magistrate for some three months. This allegation was the *only* one brought to the court's attention in the Commonwealth's written application. However, the "missing transcript" argument was not brought to the court's attention during the extension "hearing" and has not been included in the Commonwealth's brief submitted to this Court.
   The Commonwealth has never made an argument in connection with the unavailability of courtrooms, the court's schedule, or the like for the period after July 1, and no facts of record indicate the circumstances attendant to these considerations. The court, in denying the application, took judicial notice that the trial could not have been conducted on July 1 due to the "schedule of the court," but neither took notice nor made findings as to the period after July 1 in connection with the court's schedule. The court did not do so even though defense counsel asserted the court's schedule would have permitted trial between July 2 and 8.

under Rule 1100(c)." [8]   *Commonwealth v. Antonuccio,* 257 Pa.Super. 535, 537, 390 A.2d 1366, 1367 (1978).

The order of the Superior Court and the judgment of the trial court are reversed, and Ehredt is ordered discharged.[9]

LARSEN, J., dissents.

**8.** If a written application were to make factual allegations which an answer thereto admitted, no evidence to prove the allegations would be necessary and the sole issue would be whether the allegations established due diligence. The circumstances instantly do not present this type of situation.

**9.** The court instantly did not grant the extension because of "judicial delay," see n. 7, and accordingly we need not discuss that. But we reiterate what we said in *Commonwealth v. Mayfield,* 469 Pa. 214, 222, 364 A.2d 1345, 1349–50 (1976), even though the relevant events in the present case occurred prior to that case:

"Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided."