409 A.2d 873

**COMMONWEALTH of Pennsylvania**

v.

**Michael JACKSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Sept. 7, 1979.

Arthur J. King, Assistant Public Defender, Chief, Appeals Division, Norristown, for appellant.

Eric J. Cox, Assistant District Attorney, Chief, Appeals Division, Norristown, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence entered on convictions of robbery, theft of movable property, various assault charges, reckless endangerment, felonious restraint, and possession of an instrument of crime. The main issue raised on appeal is whether the lower court erred in granting the Commonwealth's petition to extend appellant's trial date, under Pa.R.Crim.P. 1100(c).[1]

The complaint was filed May 19, 1977, so that under Rule 1100 the Commonwealth was obliged to bring appellant to trial within 180 days, or by November 15, 1977. Trial was first set for September 14, but appellant appeared without an attorney. On October 27, 1977, appellant's attorney requested and was granted a "pass" until November 14 (the day before the Rule 1100 run date) because the attorney was scheduled to go on vacation. On November 10, the Commonwealth filed a petition to extend.[2] A hearing on the petition was held on December 1, 1977, and an extension until February 27, 1978, was granted. Appellant was tried on December 7.

In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the Supreme Court held:

> Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification

---

1. Pa.R.Crim.P. provides in part:
   At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.

2. Appellant argues that this petition was a form petition of the sort found unacceptable in *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1975). However, not only was the petition more informative than the petition in *Ray*, but in addition, a hearing was held, which afforded the chance to rectify defects in the petition. *Commonwealth v. Myers*, 259 Pa.Super. 196, 393 A.2d 785 (1978).

that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

*Id.*, 469 Pa. at 222, 364 A.2d at 1349, 1350.[3]

A number of cases have considered the kind of proof that must be offered by the Commonwealth if it is to prove its due diligence. In *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979), the Commonwealth attempted to prove due diligence through the assistant district attorney's statement that several commonwealth witnesses would not be available on the date set for trial. The Supreme Court held:

[A] bare statement by the Commonwealth's attorney that several witnesses are "unavailable," without more, does not establish "due diligence" within that [preponderance of the evidence] standard. While the unavailability of a witness may be a relevant factor in determining whether an extension should be granted . . . "[m]ere assertions of due diligence and unproven facts, do not establish cause for an extension under Rule 1100(c)."

*Id.*, 485 Pa. at 195–196, 401 A.2d at 361 (footnotes omitted).

The Court noted that

[a]t the extension "hearing," no testimony was offered by the Commonwealth in support of the allegation in its application to extend. Rather, the "hearing" consisted only of oral argument by the assistant district attorney and defense counsel.

*Id.*, 485 Pa. at 194–195, 401 A.2d at 360.

Similarly, in *Commonwealth v. Sinor*, 264 Pa.Super. 178, 399 A.2d 724 (1979), this court reversed the grant of an extension:

[I]t is obvious from examination of the transcript . . that no "hearing" was ever held. The Commonwealth

---

3. The Commonwealth filed the required certification. The issue here concerns its due diligence.

. . . made no presentation whatsoever in support of its petition. Instead, the court summarily granted the extension petition based solely upon its own recollection of the victim's hospitalization.

*Id.,* 264 Pa.Super. at 183, 399 A.2d at 727 (footnote omitted).

*See also, Commonwealth v. Damanskis,* 264 Pa.Super. 154, 399 A.2d 712 (1979) (asserted unavailability of courtrooms not proved at "woefully inadequate" proceedings; case remanded for evidentiary hearing); *cf. Commonwealth v. Stabler,* 251 Pa.Super. 194, 380 A.2d 444 (1977) (on insufficient record, remanded for evidentiary hearing into validity of Commonwealth's assertion of overcrowded docket).

It is therefore settled that Rule 1100 requires *evidence* in support of a petition to extend.[4] This does not mean that Rule 1100 hearings may not be short and to the point.[5] If a Commonwealth petition pleads facts that the answer admits, no further proof should be necessary. *Commonwealth v. Ehredt, supra,* 485 Pa. 191, n. 8, 401 A.2d 358, n. 8. The technique of judicial notice may also be useful. In *Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978) (plurality opinion, two justices concurring in result), the Court approved the lower court's taking judicial notice of the manner in which the court administrator scheduled criminal matters, since in Montgomery County (the same county involved here), calendar control is under the direct supervision and control of the board of judges. In *Commonwealth v. Ehredt, supra,* the Court also indicated that judicial notice might be acceptable for proving scheduling diffi-

---

4. Indeed, on review from an order granting a petition to extend, the court must consider the evidence presented by the Commonwealth and so much of the evidence presented by the defendant as, fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Wade,* 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977).

5. It is possible that the rules of evidence will not be strictly enforced at a Rule 1100 hearing as they are at trial. This is the practice, to some extent, at probation revocation hearings, for example. *Commonwealth v. Rossetti,* 255 Pa.Super. 524, 388 A.2d 1090 (1978). We do not decide that question today, however.

culties. *Id.*, 485 Pa. 191, n. 7, 401 A.2d 358, n. 7. *See also, In Re Schulz Estate*, 392 Pa. 117, 139 A.2d 560 (1958) (judicial notice of record before various courts involved in case); *Commonwealth ex rel. Kelley v. Brown*, 327 Pa. 136, 193 A. 258 (1937) (judicial notice of facts (number of orders, number and disposition of cases, etc.) disclosed in annual report of Municipal Courts of Philadelphia); *Sherman v. Baltimore & Ohio R. R. Co.*, 122 F.Supp. 492 (W.D.Pa.1954) (judicial notice of crowded and congested dockets in court's district as compared to those of a district of another state, and of impending changes that would bring docket current); *see generally McCormick on Evidence*, § 330, at 765–66 (Cleary ed. 1972).

██ In this case, the Commonwealth said in its petition that a delay in appellant's trial was unavoidable because of the volume of criminal litigation. The petition included the chief clerk's figures showing that during the week of September 12, during which appellant was first scheduled for trial, 1,150 cases were pending and four judges were sitting. At the hearing on the petition, the Commonwealth's presentation was as follows:

MR. GOODMAN: Your honor, if I could point out that Mr. Fitzgerald [appellant's counsel] filed his petition for a continuance or a pass on October 27, and for a period between October 27 and November 14. The 180th day in this case was November 15, 1977. According to Mr. Fitzgerald's calculation, that would give the Commonwealth exactly one day to get the case into a courtroom.

THE COURT: Yes, which in our county is totally out of the question.

N.T. Dec. 1, 1977, 3–4.

As scanty as this presentation was, the lower court could—and did—take judicial notice of the kind described in *Commonwealth v. Coleman, supra.* In its opinion[6] the court took note of the criminal court backlog and further said:

---

**6.** The opinion was not written by the judge who heard the petition to extend. The nature of judicial notice, however, is such that any judge on the lower court was equally capable of taking such notice.

Defense counsel unrealistically expected the case to be called on the 14th or 15th of November. Judge Tredinnick noted on the record that in Montgomery County that was totally out of the question. The Court recognized that when a case is passed in the Assignment Room to a date certain, there is no guarantee that the case will proceed to a courtroom that specific date. Rather, the case must wait not only for an available courtroom, but also until all the cases listed previous to the postponement date are resolved and all counsel conflicts are settled. Lower court opinion at 6.

Under these circumstances, the Commonwealth's due diligence was proved,[7] and the extension was properly granted.

Affirmed.[8]

[7] This case is distinguishable from *Commonwealth v. Smith*, 477 Pa. 424, 383 A.2d 1280 (1978), in which it was held that the Commonwealth had not shown due diligence when, aware for two months of the Rule 1100 difficulties in the offing, it failed to have a substitute prosecutor ready when, at the date the case was called for trial, the assigned prosecutor was involved in another trial. *See also, Commonwealth v. Bayani*, 261 Pa.Super. 369, 396 A.2d 443 (1978) (no due diligence where Commonwealth had more than two months notice of Rule 1100 difficulties, yet assigned case to prosecutor with heavy backlog and assured court there would be no Rule 1100 problems caused by recess). Here, the Commonwealth had no advance notice of the Rule 1100 problems stemming from defense counsel's vacation, and could do little to get the case called in the two days remaining under the 180-day limit.

[8] Appellant also contends that he was impermissibly prejudiced at trial when a police officer testified that after stopping appellant as a suspect, he let appellant go:

Because I know him, I know where he lives, I know where he hangs out, and there would have been no problems to pick him up later. That's why I went to Detective Salamone later that morning to advise him to maybe show her some photographs and check it out to see if it was Michael Jackson . . . . .
N.T. December 7, 1977, at 74.

Appellant argues that this evidence "connoted the idea that the police with some regularity have contacts with the defendant," Brief for appellant at 10, and thus implied a prior criminal record. However, this argument is waived for two reasons. First, appellant failed to object to the comment when it was made; he asked to see the judge and opposing counsel at side bar, but there is no indication of what occurred there. This is insufficient to preserve the issue for review. *Commonwealth v. Frazier*, 467 Pa. 505, 359 A.2d 390 (1976).

Furthermore, prior to the comment in question, the officer twice testified, without objection by appellant's counsel, that he knew appellant very well, and had known him for years. *Id.*, at 68, 71. Thus the comment at issue was merely cumulative.