419 A.2d 18

**COMMONWEALTH of Pennsylvania**

v.

**Rocky AKRIDGE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1979.

Filed Jan. 18, 1980.

Appeal Granted and Judgment Reversed June 19, 1980.
See 422 A.2d 487.

514

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.*

* Judge DONALD E. WIEAND is sitting by special designation.

WIEAND, Judge:

Rocky Akridge, appellant, was convicted non–jury of resisting arrest, indecent assault, and simple assault. Post–trial motions were denied and consecutive sentences of probation were imposed. On appeal, he argues that his motion in arrest of judgment should have been granted because he was not brought to trial within 180 days as required by Pa.R.Crim.P. 1100. More specifically, appellant avers that two extensions of time granted by the court were improper because the Commonwealth failed to show that it had exercised due diligence in commencing trial. Because we are unable to evaluate the merits of this allegation on the present record, we remand for an evidentiary hearing.

The 180 day period commenced with the filing of the complaint on April 11, 1976. It expired on October 8, 1976. On July 17, 1976, the case was continued to July 26, 1976, by the court, although both parties were ready to proceed. On July 28, 1976, the Commonwealth was prepared and ready to proceed but trial was continued when appellant requested a trial without jury. The case was relisted. On September 9, 1976, trial was continued until September 30, 1976, allegedly because appellant was then incarcerated in the Camden County Prison. On September 30, 1976, the complaining witnesses failed to appear, and the Commonwealth sought and obtained a continuance until October 7, 1976. On that day, a further continuance was granted because the Commonwealth asserted that the arresting officer was ill. The complaining witnesses also failed to appear on that day.

On October 8, 1976, the Commonwealth filed a form petition to extend the time for trial. A hearing was held on November 3, 1976. At that time no evidence was presented although counsel for appellant argued briefly. The hearing judge, based on his own knowledge, noted that counsel for a codefendant had been engaged for twenty–three days during September and concluded that the failure to commence trial within 180 days could not be attributed to a lack of due diligence by the Commonwealth. The time for commencing trial, therefore, was extended until November 18, 1976.

The record shows that on November 18, 1976, a police officer was ill and a Commonwealth witness failed to appear; and trial was continued until December 2, 1976. The Commonwealth also filed a second petition for extension. Appellant, on November 26, 1976, filed an application to dismiss. Both applications were heard on November 30, 1976, when once again no evidence was presented. Because the continuance granted on November 18 recited the illness of a police officer, the court granted an extension until December 2, 1976.

On December 2, 1976, defense counsel was unavailable, and appellant requested a continuance. This was granted until January 3, 1977, after appellant had waived his Rule 1100 rights until that date. Trial finally began on January 3, 1977.

■ Form petitions which allege no more than "due diligence" have been criticized repeatedly. In *Commonwealth v. Ray*, 240 Pa.Super. 33, 36, 360 A.2d 925, 927 (1976), Judge Price commented:

> "We believe that these form petitions not only frustrate the intent of Rule 1100, but also denigrate the procedures prescribed therein. We have seen no petition of this form type which attempts to establish the exercise of due diligence by the Commonwealth beyond the recitation of the words themselves. As such, they are defective."

This court uniformly has accepted this dictum and has condemned form petitions. See: *Commonwealth v. Long*, 258 Pa.Super. 251, 392 A.2d 779 (1978); *Commonwealth v. Jones*, 258 Pa.Super. 50, 391 A.2d 667 (1978); *Commonwealth v. Antonuccio*, 257 Pa.Super. 535, 390 A.2d 1366 (1978). However, the Court has not adopted a per se rule holding form petitions fatally defective. Thus, despite the use of a form petition, the Commonwealth may nevertheless obtain an extension by presenting sufficient evidence of due diligence at a Rule 1100 hearing after proper notice to the accused. See, e. g.: *Commonwealth v. Cimaszewski*, 261 Pa.Super. 39, 395 A.2d 931 (1978); *Commonwealth v. Myers*, 259 Pa.Super. 196, 393 A.2d 785 (1978). Contra: *Commonwealth v. Jones*, supra.

The Commonwealth had the burden of proving, by a preponderance of the evidence, that it met the requirements of Rule 1100(c), i. e., that despite the exercise of due diligence it was unable to bring appellant to trial within the prescribed period. *Commonwealth v. Ehredt*, 485 Pa. 191, 193, 401 A.2d 358, 360 (1979). In reviewing the hearing court's ruling that the Commonwealth met its burden of showing due diligence we consider only the evidence presented at the hearing by the Commonwealth and so much evidence presented by the defense as, fairly read in the context of the record as a whole, remains uncontradicted. See: *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Sinor*, 264 Pa.Super. 178, 399 A.2d 724 (1979).

However, at the times set for hearing the several form petitions in the instant case, the Commonwealth presented no evidence whatsoever. Although counsel for the prosecution and the hearing judge made observations suggesting the unavailability of witnesses, this, without more, did not warrant the granting of extensions.

In *Commonwealth v. Ehredt*, supra 485 Pa. at 195, 401 A.2d at 360–61, the Supreme Court stated:

"Although the preponderance standard is the least burdensome standard of proof known to the law, *Commonwealth v. Mitchell*, supra, a bare statement by the Commonwealth's attorney that several witnesses are 'unavailable', without more, does not establish 'due diligence' within that standard. While the unavailability of a witness may be a relevant factor in determining whether an extension should be granted, see *Commonwealth v. Brown*, 252 Pa.Super. 365, 381 A.2d 961 (1977), 'mere assertions of due diligence and unproven facts, do not establish cause for an extension under Rule 1100(c).' *Commonwealth v. Antonuccio*, 257 Pa.Super. 535, 537, 390 A.2d 1366, 1367 (1978)." (Footnotes omitted)

Because no evidence was presented, we are unable to assess the merits of the Commonwealth's petitions. Therefore, we will remand for an evidentiary hearing to deter-

mine whether the Commonwealth's inability to commence trial in a timely fashion occurred despite the exercise of due diligence. See: *Commonwealth v. Sinor,* supra. If it is determined that the Commonwealth failed to exercise due diligence, the judgment of sentence shall be vacated and appellant discharged.

Remanded for proceedings consistent with this opinion.