436 A.2d 1189

**COMMONWEALTH of Pennsylvania**

v.

**Bernard CARR, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed June 19, 1981.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

WICKERSHAM, Judge, upon reconsideration:

This appeal is before us for reconsideration of appellant's Pa.R.Crim.P. 1100 claim in light of the Pennsylvania Supreme Court's recent opinion in *Comonwealth v. Akridge*, 492 Pa. 90, 422 A.2d 487 (1980).

Appellant, Bernard Carr, was convicted of robbery and related offenses after a non-jury trial before the Honorable I. Raymond Kremer of the Court of Common Pleas of Philadelphia County. In his post-verdict motions, Carr al-

leged that the court had erred in granting two Commonwealth petitions to extend time for trial under Pa.R.Crim.P. 1100(c). In considering Carr's post-verdict motions, Judge Kremer found that the record with respect to one of the extension hearings was inadequate to permit a meaningful review and that the other had been lost. As a result, Judge Kremer conducted an evidentiary hearing to determine the merits of both petitions to extend and found that they had been properly granted. Judge Kremer accordingly denied Carr's post-verdict motions and sentenced him to concurrent terms of imprisonment totalling four to ten years. Carr appealed from the judgment of sentence, and this panel vacated the judgment of sentence as to simple assault (No. 417) for reasons unrelated to his Rule 1100 claim and affirmed as to his remaining convictions.

■ After thoroughly reviewing the supreme court's opinion in *Akridge*, we have concluded that it does not affect our initial disposition of this case. *Akridge* must be given purely prospective application only. Even if *Akridge* were properly applied retrospectively, it would not require a different result in the entirely distinct circumstances of this case where there is already a record incontrovertibly establishing due diligence warranting the extensions granted by the lower court.

*Akridge* is a summary and an emphatic expression of the supreme court's desire that Rule 1100(c) extension hearings be conducted in accordance with *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979), which was announced years after promulgation of the Rule. *Akridge* is thus a prophylactic rule to assure the desired administration of Rule 1100, itself a purely procedural rule of convenience designed to prevent a systematic backlog of criminal cases in our trial courts. *Akridge* will require the discharge of criminal defendants after conviction not because the due diligence required by Rule 1100 has not been exercised in fact, but because appellate courts will lack the power to direct that the necessary record be made.

While such a prophylactic rule in no way implicates the truth determining process at trial, it has a severe impact on

the administration of criminal justice. Moreover, the *Akridge* holding is superimposed on a court rule, the vagaries of which have spawned a plethora of appellate litigation. As a result of the vagaries of the Rule and its extreme and immediate remedy, prosecutors have had to rely on necessarily tenuous and tentative interpretations and enforcement policies which the trial courts have formulated to deal with Rule 1100. *Akridge*, therefore, must be applied only to the appellate review of Rule 1100 extension hearings conducted after *Akridge*.

■ Even if given full retrospective application, *Akridge* does not suggest, much less require, a different result in this case. *Akridge* prohibits appellate courts from remanding to determine if Rule 1100 has been complied with. It does not require appellate courts to turn a blind eye to a record establishing compliance with Rule 1100 and to discharge a properly convicted defendant despite actual compliance with Rule 1100 as established by the record certified for review. *Cf. Commonwealth v. Kaschik*, 235 Pa.Super. 388, 396–97 n.7, 344 A.2d 519, 524 n.7 (1975) ("An appellate court should be able to consider all the testimony on record to determine whether certain evidence was constitutionally admissible at trial, not just the testimony at the suppression hearing.").[1]

The justice system's fundamental aim should be the safety of us all. Prophylactic court rules are acceptable to enforce basic fair trial rights necessary to the protection of all members of society, but they are not acceptable when they require the discharge of a properly convicted and sentenced defendant as the result of the failure to comply with a

---

1. It would be repugnant to exclude evidence which the entire record establishes is admissible. It would even be more repugnant and abhorrent to common sense to grant an absolute discharge when the entire record demonstrates compliance with Rule 1100. Defendant's discharge, despite demonstrated compliance with Rule 1100 would be regarded by the public, whose interests Rule 1100 supposedly fosters, as unrelated to any basic rights necessary to the protection of us all and as hypertechnical, dangerous nonsense. Defendant's discharge would give the unfortunate impression that the justice system is more interested in formalistic niceties and "delicate" legal analyses than in the ultimate aim of the criminal law which is to prevent or deter criminal violence.

purely procedural rule—a rule which goes far beyond any constitutional rights of the defendant and which was not established until after trial. It makes no sense at all to discharge defendant when it has been established on an ample record that Rule 1100 was complied with in this case. The Commonwealth and its people are entitled to have him serve his sentence.

Judgments of sentence at Nos. 416, 418 and 419 are affirmed.

LIPEZ, J., files a dissenting opinion.

LIPEZ, Judge, dissenting:

I cannot accept the majority's interpretation of *Commonwealth v. Akridge*, 492 Pa. 90, 422 A.2d 487 (1980), which states in full:

This matter comes before us on petitioner's petition for allowance of appeal from the Superior Court's order remanding for an evidentiary hearing on the question of whether or not the Commonwealth, at two prior hearings on Commonwealth's petitions for extension of time under Pa.R.Crim.P. 1100, had sufficient evidence to establish its "due diligence" requirement under that rule, *Commonwealth v. Akridge*, 275 Pa.Super. 513, 419 A.2d 18 (1980).

In our view, such a remand for a "second bite" of the Commonwealth's evidentiary burden on the "due diligence" requirement of Rule 1100 is in contradiction to the mandates we set forth in *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979).

We therefore grant the petition for allowance of appeal and reverse the order of the Superior Court with direction that petitioner be discharged.

The majority holds: (1) *Akridge* must be given purely prospective application; and (2) even if *Akridge* applies retrospectively, we should nevertheless affirm here because due diligence, which the Commonwealth failed to prove at the pre-trial extension "hearings," was established in the hearing before Judge Kremer at the post-verdict stage. Regrettably, I can find no basis for either conclusion.

142

The sole authority for the Supreme Court's summary reversal in *Akridge* was *Commonwealth v. Ehredt, supra,* 485 Pa. at 195–96, 401 A.2d at 361, *quoting Commonwealth v. Antonuccio,* 257 Pa.Super. 535, 537, 390 A.2d 1366, 1367 (1978): "[m]ere assertions of due diligence and unproven facts, do not establish cause for an extension under Rule 1100(c)." *Antonuccio* also stated:

Under *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), the trial court may grant an extension under Rule 1100(c) only upon a *record* showing of:

(1) The "due diligence" of the prosecution . . . .

*Id.* (emphasis in original).

Hence it is clear under *Akridge* that after October 8, 1976, which was the date of decision in *Commonwealth v. Mayfield, supra,* no Rule 1100(c) extension is valid unless the court granting the extension has the Commonwealth's due diligence established on the record before it at the time the extension is granted. Here all extensions were granted long after *Mayfield,* without a record showing of due diligence. Under our Supreme Court's interpretation of Rule 1100, appellant is therefore entitled to discharge.