431 A.2d 1063
**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert SCHUSTER.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1980.

Filed July 2, 1981.

312

James J. Narlesky, Assistant District Attorney, Easton, for Commonwealth, appellant.

Robert Rudas, Bethlehem, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

This is an appeal by the Commonwealth from an order granting the defendant's application for dismissal under Pa.R.Crim.P. 1100(f).[1]  Review of this order necessitates

1.  Rule 1100(f) provides:

> At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated.  A copy of such application shall be served upon the attorney for the Common-

consideration of the lower court's order denying the Commonwealth's petition for an extension of time for commencement of trial under Pa.R.Crim.P. 1100(c).[2] For reasons stated herein, we remand this case to provide the defendant an opportunity to refute the Commonwealth's claim of unavailability of one of its witnesses.

On June 21, 1979, a written complaint was lodged against the defendant charging him with harassment by communication.[3] Therefore, Pa.R.Crim.P. 1100(a)(2),[4] required the Commonwealth to bring the defendant to trial on or before December 18, 1979.

On October 15, 1979 the case was listed for trial. However, the Commonwealth requested that the case be continued to the November list since Mr. Kresge, a Commonwealth witness, had suffered a heart attack and was unavailable for trial. The district attorney indicated that at that time they would be better able to ascertain if he would be well enough to testify. Over defense counsel's objection, the court granted a continuance until November.

On November 15, the district attorney appeared before Judge Williams to request another continuance because Mr.

wealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant.

**2.** Rule 1100(c) provides:

(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

**3.** 18 Pa.C.S.A. § 5504(a)(1).

**4.** Rule 1100(a)(2) provides:

(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

Kresge was still recovering from his heart attack. Defense counsel was not present at this hearing. While the district attorney stated to the Judge that the Commonwealth could probably try the case without Mr. Kresge, he indicated that it would be at a "substantial hardship." [5] A physician's written excuse concerning the witness' medical condition was presented and reviewed by the court. The court granted the continuance but indicated that it was not ruling on any Rule 1100 problem that the Commonwealth might have.

On November 28, 1979, the Commonwealth filed an application for an extension of time for commencement of the trial. The application indicated that Mr. Kresge was an essential Commonwealth witness who was unavailable because he was recovering from a heart attack. Copies of the two notes from the doctor were attached to the application. A hearing was held on the extension application on December 5, 1979. At the hearing, Judith Kresge, the wife of the witness who had suffered the heart attack, testified that when they received the initial subpoena for her husband to appear in court he was still in the hospital recovering from a heart attack. She stated that she went to the doctor to get a note to excuse him from appearing at trial. In November, the witness received another subpoena and Mrs. Kresge testified that on November 9, 1979 they again inquired of the doctor whether or not Mr. Kresge could appear at the trial scheduled for November 13, 1979. She testified that upon this inquiry the doctor responded "absolutely not." Mrs. Kresge also identified the two notes that were written by her husband's doctor.

After Mrs. Kresge was cross-examined by defense counsel the court denied the Commonwealth's application for an extension. The Commonwealth requested that it be permitted to finish its presentation. The court refused to accept

5. In responding to the court's observation that the case involved charges against an attorney the prosecutor stated that the district attorney's office did not want "to find themselves criticized where we went in to try the case without all of our ammunition and all of our guns, so it looks like we didn't want to vigorously prosecute the case, because, an attorney was involved."

any further testimony but allowed the Commonwealth to make an offer of proof. The prosecutor stated that Mr. Kresge had compiled a list of the times and dates that all of the calls which were the basis of the criminal charges were received. The district attorney argued that the exactness of these times and dates was essential to the Commonwealth's case to refute the alibi defense which the defendant was going to present. He stated that the only way to get the list into evidence was through Mr. Kresge. The judge at this point noted, "I suppose he is going to have to attend the trial, I agree with you." However, he disagreed that the witness was unavailable and denied the Commonwealth's application for an extension. The defense counsel did not present any evidence at the hearing because the court denied the Commonwealth's application before giving him an opportunity to do so.

On December 18, 1979, the defendant filed a motion to dismiss the charges under Pa.R.Crim.P. 1100(f). A hearing was held on January 2, 1980 before Judge Franciosa who granted the defendant's motion to dismiss. The Commonwealth has appealed from this order.

In deciding whether the lower court in this case properly denied the Commonwealth's petition to extend, we must examine the record in light of the following principles:

> The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). *Cf. Commonwealth v. Wade,* 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977). Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted. See *Commonwealth v. Mitchell,* supra.
>
> *Commonwealth v. Ehredt, supra,* 485 Pa. 191 at 194, 401 A.2d 358 at 360.

*Commonwealth v. Freeman,* 280 Pa.Super. 462, 468, 421 A.2d 814, 817 (1980).

■ We also note that while it is clear that the unavailability of a Commonwealth witness is a relevant factor in determining whether an extension should be granted, *see Commonwealth v. Brown,* 252 Pa.Super. 365, 381 A.2d 961 (1977), it is just as clear that bare statements by the Commonwealth's attorney of witness unavailability, without more, do not establish due diligence within the standards outlined in Pa.R.Crim.P. 1100(c). *See Commonwealth v. Ehredt,* 485 Pa. 191, 401 A.2d 358 (1979); *Commonwealth v. Jackson,* 269 Pa.Super. 249, 409 A.2d 873 (1979).

Here, relying on *Commonwealth v. Ehredt, id.* and *Commonwealth v. McNeill,* 274 Pa.Super. 257, 418 A.2d 394 (1980), the lower court ruled that the Commonwealth did not establish due diligence.

■ However, the facts in the instant case are clearly distinguishable from *Ehredt* and *McNeill.* In those cases the attorneys for the Commonwealth made bare allegations that certain witnesses were unavailable. These assertions were not supported by any testimony or evidence. Here, the district attorney has done much more than make bare assertions of his witness' unavailability. At the extension hearing, *Mrs. Kresge* testified that her husband had suffered a heart attack and that his doctor had advised him that he could not appear at trial. This medical advice was given to the witness after receiving subpoenas in October and November.[6]

6. The 1979 and 1980 Northampton County Court calendars introduced into evidence at the dismissal hearing indicated that November 16, 1979, was the last date before January 15, 1980 that the court was trying criminal matters. Therefore, the witness' unavailability in November coupled with the court schedule would prevent the Commonwealth from bringing the appellant's case to trial before the expiration of the run date on December 18, 1979. Since the extension petition was not granted, the lower court was not required to certify that the trial was scheduled for the earliest date consistent with the court's business. *See Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978); *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976). We address this matter merely to demonstrate that we are not faced with the problem addressed in *Commonwealth v. McNeill, supra,* 274 Pa.Super. 257, 418 A.2d at 397, where the court stated "[W]e fail to see how a showing of unavailability at

On the record before us we conclude that the Commonwealth has met its burden of establishing the unavailability of Mr. Kresge. However, in its brief, the appellee's attorney stated that at the extension hearing he was prepared to offer testimony contradicting the Commonwealth's claim of the unavailability of Mr. Kresge. Since the extension hearing was cut short by the judge we remand this case to provide the defendant an opportunity to refute the Commonwealth's claim that Mr. Kresge was not able to attend the trial when it was called in October and November.

■ Since the defendant may fail to refute Mr. Kresge's unavailability on remand, we must still consider whether the lower court erred in ruling that the Commonwealth should have proceeded to trial without him and that its failure to do so negated its claim of due diligence.

In its opinion, the lower court ruled that the Commonwealth could have proceeded to trial on October 15, 1979 or November 15, 1979 without substantial hardship.[7] The court found that Mr. Kresge was not an important witness to the Commonwealth's case because his testimony on the five or ten calls he received would not make the Commonwealth's case any stronger. The court also stated that, at most, the log compiled by Mr. Kresge could be used to refresh the recollection of the Commonwealth's witnesses and that for this purpose the one who prepared the log need not be present.[8]

some earlier date can compensate for the Commonwealth's absolute failure at the extension hearing to prove unavailability for the remainder of the Rule 1100 period."

7. As we previously noted, at the extension hearing Judge Franciosa indicated that Mr. Kresge would be necessary to introduce the list of calls. It was not until the hearing on defendant's petition to dismiss that he determined that the witness' presence at trial was unnecessary to the Commonwealth's case.

8. At the extension hearing an offer of proof was made as to the importance of Kresge's testimony. He had compiled a list including dates and times of the 120 calls involved in the harassment charges. This specific evidence, it was argued, was necessary to meet the defendant's alibi defense as the Commonwealth could not solely rely on the other witnesses' ability to recall exact dates and times.

We conclude that the lower court erred in ruling that the Commonwealth's failure to proceed to trial without Kresge demonstrated a lack of due diligence.

■ Once the Commonwealth has produced testimony that the witness is unavailable it need only provide reasons why the witness is important to its case. Unless the unavailable witness is one whose testimony is clearly unnecessary or patently cumulative the determination of whether the witness is important to the Commonwealth's case should be left to the exercise of prosecutorial discretion.

■ This standard provides due recognition to the prosecution's responsibility in determining which witnesses are important to most effectively present the Commonwealth's case while insuring that the defendant's right to a speedy trial is not thwarted by claims of unavailability of unnecessary witnesses. Moreover, we do not believe that an extension or dismissal hearing should evolve into an evidentiary hearing on the admissibility of the evidence which the Commonwealth intends to introduce at trial.

For example, in the instant case, the dismissal hearing judge focused primarily on the admissibility of the list of calls. The court determined that the list was inadmissible under any circumstances and therefore Kresge was not necessary to the Commonwealth's case. However, we note that the list may well be admissible under the past recollection recorded exception to the hearsay rule. Of all of the Commonwealth's witnesses, Mr. Kresge would have been the most competent, if not the only, witness to lay the foundation for its admission. *See Commonwealth v. Cooley*, 484 Pa. 14, 398 A.2d 637 (1979).

We believe that the ultimate determination of its admissibility should be made by the trial judge in the trial setting.

For the above reasons, we remand this case to provide the defendant an opportunity to refute the unavailability of the Commonwealth's witness. If he fails to do so the lower court order granting the defendant's motion to dismiss the charges is reversed and the charge against him is reinstated.