**Commonwealth v. Prudish**

*Judd B. Fitze*, for Commonwealth.
*Daniel J. Carobine*, for defendant.

GARDNER, *P.J.*, December 15, 1981—On October 23, 1981, we granted defendant, Michael B. Prudish, the right to file nunc pro tunc post-trial motions. In response, defendant filed a "Motion for Dismissal or, in the Alternative, for a New Trial" alleging the abridgement of his "constitutional right to a speedy trial"[1] under the provisions of Pa.R.Crim.P. 1100.[2]

Excellent and comprehensive briefs were submitted by counsel.

In support of these motions, defendant asserts that judicial delay is by itself insufficient reason for an extension; that there must be a showing of due diligence by the Commonwealth.

---

1. Defendant also argued that he would be entitled to relief as a result of asserted ineffectiveness of counsel. In view of our disposition of this matter, we do not deem it necessary to reach this ground.

2. Pa.R.Crim.P. 1100(a)(2): "Trial in a court case in which a written complaint filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

The Commonwealth agrees as to the law but asserts that due diligence was shown, since defendant was not arraigned until March 5, 1980 and that an observance of the period allowed for discovery and filing of pre-trial motions would not allow commencement of trial by March 10, 1980, the beginning of the only available trial week before the expiration of 180 days from the date of filing of the criminal complaint.

The Commonwealth also contends that defendant waived Rule 1100 at a hearing held before this court on March 7, 1980.

The record reveals the following:

Complaint filed—October 11, 1979;

Arrest of the defendant—January 17, 1980;

Application for extension of time—February 27, 1980;

Arraignment—March 5, 1980;

Hearing on the extension application—March 7, 1980.

The court, on March 7, 1980, extended the time for trial to May 16, 1980 and thereafter, on a motion by defense counsel, to the July week for trials. Trial was eventually commenced on July 7, 1980.

Defendant was convicted and subsequently sentenced on June 15, 1981, to a term in a state correctional institution.

On March 7, 1981, no explanation whatsoever was given to this court for the delay in prosecution from the date of the filing of the complaint to the date of the arrest—98 days. The explanations were confined to the period following arraignment and the benefit to the court of consolidation of the pending charge with a charge of possession of a small quantity of a controlled substance which had arisen at the time of the January 17, 1980 arrest.

However, whatever value the Commonwealth's reasons for extension had, the presentation was by the bare statement of the district attorney, and this does not meet the standard of Com. v. Ehredt, 485 Pa. 191, 401 A. 2d 358 (1979), which provides that proof of due diligence must be by a preponderance of the evidence, and a bare statement by the district attorney does not establish it.

Because defense counsel, on March 7, 1980, withdrew opposition to the extension application, the Commonwealth now asserts that the action constituted a waiver.

We disagree.

A waiver is formally valid of record if a proper colloquy is conducted or the defendant signs a waiver: Com. v. Myrick, 468 Pa. 155, 360 A. 2d 598 (1976), and Com. v. Allen, _____ Pa. Superior Ct. _____, 435 A. 2d 1270 (1981).

Instantly, the record is silent as to any participation by defendant in the process which is now called waiver. It is, therefore, impossible for us to speculate as to what took place between defendant and his counsel and the level of defendant's understanding, on March 7, 1980, of his trial rights.

We have concluded that the extension should not have been granted based upon the record which was before us on March 7, 1980. The intentions of the district attorney, defense counsel, and this court were proper, we believe, but the process involved impermissible shortcutting, which constituted a violation of defendant's rights under Rule 1100. Although such a violation is not of constitutional dimension (see Jones v. Com., 495 Pa. 490, 434 A. 2d 1197 (1981), for a discussion of the supplementary role of Rule 1100), the rule is nonetheless to be strictly interpreted.

Therefore, we also conclude that defendant is entitled to relief. Further, we believe that grant of a new trial would constitute a meaningless delay, since a motion to dismiss made immediately would have to be granted for the reasons earlier set forth. The Commonwealth, further, would have no new opportunity to explain its conduct during the first 180 days following the filing of the charge: Com. v. Akridge, 492 Pa. 90, 422 A. 2d 487 (1980).

The only effective remedy is discharge.[3]

ORDER

And now, December 15, 1981, for the reasons set forth in the opinion of even date, it is ordered that defendant, Michael B. Prudish, be and he is hereby discharged from the custody of the Bureau of Corrections, and his release from the state correctional institution in which he is presently serving a sentence of this court be and is hereby directed.

It is further ordered that the above-captioned charges be and are hereby dismissed.

---

3. The Commonwealth also points out that the trial of the companion charge of possession of a small quantity of a controlled substance, on which complaint was filed January 17, 1980, was within the 180-day period. While this is true, no separate sentence was imposed upon defendant. Further, we feel that since the total confinement already served by defendant greatly exceeds the maximum allowable sentence on this charge, no further sentence would be appropriate.