446 A.2d 624

**COMMONWEALTH of Pennsylvania**

**v.**

**Dennis Ray McFADDEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 12, 1981.

Filed June 4, 1982.

300

Thomas P. Ruane, Jr., Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before SPAETH, ROWLEY and MONTGOMERY, JJ.

ROWLEY, Judge [1]:

This is a direct appeal by Dennis Ray McFadden following his conviction, after trial by jury, of theft by unlawful taking. Appellant alleges: (1) that his trial counsel was ineffective in failing to move to suppress identification evidence; (2) that his right to a speedy trial under Pa.R. Crim.P. 1100 was violated, and (3) that the Commonwealth's evidence was insufficient to support the jury's verdict.

The charges against appellant arose out of the theft of the purses of Mrs. Elizabeth Gadd and a friend. Shortly after

[1] This case was assigned to the writer on January 5, 1982.

the incident, Mrs. Gadd described the perpetrator to police as having brown hair worn in a pony tail and a goatee. Mrs. Gadd identified appellant prior to trial from a photographic display containing approximately fifty pictures.[2] It is conceded by the Commonwealth that appellant's photograph was the only one depicting a man with a pony tail and goatee.

Appellant was arrested and charged on December 8, 1978. On June 7, 1979, the Commonwealth filed a petition to extend the time for trial under Pa.R.Crim.P. 1100, alleging the unavailability of defense counsel. An extension was granted after a hearing at which appellant was present with counsel. No record was made of the hearing.

Trial was held on July 10, 1979. At trial, evidence of the pre-trial photographic identification was introduced and there was also an in-court identification of appellant by Mrs. Gadd. Appellant was convicted, his post-trial motions were denied, and he was sentenced on March 11, 1980.

██ We find appellant's argument regarding the sufficiency of the evidence to be without merit. The test of whether the evidence was sufficient to support a conviction is whether, viewing the evidence in the light most favorable to the Commonwealth, the jury could reasonably have found all of the elements of the crime beyond a reasonable doubt. *Commonwealth v. Robson*, 461 Pa. 615, 625, 337 A.2d 573, 578 (1975). Appellant's only argument for the proposition that the evidence was insufficient is that because of Mrs. Gadd's limited opportunity to observe the perpetrator, her identification testimony was not credible. However, it is within the sole province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. *Commonwealth v. Davis*, 466 Pa. 102, 113, 351 A.2d 642, 647 (1978); *Commonwealth v. Rose*, 463 Pa. 264, 268, 344 A.2d 824, 826 (1975); *Commonwealth v. Smith*, 457 Pa. 638, 641, 326 A.2d 60, 61 (1974). In this case, the jury chose to believe Mrs. Gadd's testimony and we will not disturb their verdict on this basis.

**2.** The display is not in the record before us.

We turn now to appellant's argument under Pa.R. Crim.P. 1100. To establish a Rule 1100 claim, a defendant must either file a motion to dismiss the charges against him prior to trial or contest the Commonwealth's petition to extend the time for trial. *Commonwealth v. Davis*, 261 Pa.Super. 204, 395 A.2d 1388 (1978). Appellant did not file a pre-trial motion to dismiss the charge. However, since we have no record of the extension hearing held on June 21, 1979, we do not know whether appellant opposed the Commonwealth's petition or concurred in the request for an extension. Therefore, it will be necessary to remand this case for an evidentiary hearing to determine whether appellant has waived his Rule 1100 claim by failing to oppose the Commonwealth's petition to extend. If it is determined that the Rule 1100 claim has been waived, the lower court will proceed to conduct an evidentiary hearing on the issue of effective assistance of counsel, which is discussed below. If it is determined that the Rule 1100 claim was not waived, the court must then conduct an evidentiary hearing to determine whether the Commonwealth complied with the requirements of Rule 1100.

We are aware that in *Commonwealth v. Akridge*, 492 Pa. 90, 422 A.2d 487 (1980), the Supreme Court held that, "a remand for a 'second bite' of the Commonwealth's evidentiary burden on the 'due dilligence' requirement of Rule 1100 is", contrary to their prior instructions. However, this Court has held that the prohibition is to be applied only to appellate review of extension hearings conducted after the announcement of the rule in *Akridge*. *Commonwealth v. Carr*, 292 Pa.Super. 137, 436 A.2d 1189 (1981). In the present case, the extension hearing was held on June 21, 1979, almost a year before *Akridge* was decided. Therefore, a remand for an evidentiary hearing on the Rule 1100 issue is proper. If it is determined that the Commonwealth failed to comply with the requirements of Rule 1100, appellant will be discharged. See *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979). If it is determined that the Commonwealth has complied with Rule 1100, the lower court will proceed to determine the question of ineffective assistance of counsel.

■ Appellant's final claim is that trial counsel was ineffective. Since he is represented on appeal by counsel other than trial counsel, and since the grounds for the appeal appear of record, the issue of ineffective assistance is properly raised for the first time on direct appeal. *Commonwealth v. Burch*, 248 Pa.Super. 8, 13, 374 A.2d 1291, 1293 (1977). A two-step analysis has been developed to review allegations of ineffective assistance of counsel. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). First, the reviewing court must determine whether the issue underlying the charge of ineffectiveness is of "arguable merit". *Commonwealth v. Burton*, 491 Pa. 13, 18, 417 A.2d 611, 613 (1980). If it is, then the court must determine whether trial counsel's action, or inaction, had any reasonable basis designed to effectuate his client's interest. *Comm. ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

■ Based on the record before us, there are some indications that the photographic display may have been overly suggestive. If a pre-trial photographic identification procedure is so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification, not only is evidence of the pre-trial identification inadmissible, but a subsequent in-court identification may also be inadmissible. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 1247 (1968); *Commonwealth v. Jackson*, 227 Pa.Super. 1, 323 A.2d 799 (1974). Thus, appellant's allegation of ineffective assistance of counsel is at least of arguable merit.

■ Next, it must be determined whether trial counsel's failure to move for suppression of the identification evidence had any reasonable basis designed to effectuate appellant's interests. *Commonwealth v. Ramsey*, 259 Pa.Super. 240, 393 A.2d 806 (1978). There is no evidence in the record before us to explain why counsel failed to challenge the identification evidence. When it cannot be determined from the record whether counsel acted pursuant to a reasoned course, the proper remedy is to remand the record to the trial court for an evidentiary hearing. *Commonwealth v. Morin*, 477 Pa. 80, 84, 383 A.2d 832, 833 (1978).

It should be noted that the photographs in question are not now a part of the record. At the evidentiary hearing, the photographic display should be made a part of the record in order to aid this court in the event that an appeal is taken from the order of the trial court.

Therefore, the judgment of sentence will be vacated and the case remanded to the trial court for the purpose of holding an evidentiary hearing to consider appellant's Rule 1100 and ineffectiveness of counsel claims and to make such order as it may then determine to be appropriate.

The judgment of sentence is vacated and the case is remanded to the trial court for further proceedings in accordance with the foregoing opinion. Jurisdiction is relinquished.