448 A.2d 89
**COMMONWEALTH of Pennsylvania**
v.
**Ulysses GILLIAM, Appellant.**
Superior Court of Pennsylvania.
Submitted June 13, 1980.
Filed July 16, 1982.

Robert I. Segal, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, CIRILLO and HOFFMAN, JJ.*

BROSKY, Judge:

On August 14, 1978, Ulysses Gilliam, appellant, was convicted at a bench trial of robbery, criminal conspiracy, simple assault, and possession of an instrument of crime. Post-verdict motions were filed and denied. Gilliam was sentenced to concurrent terms of imprisonment of four to ten years for robbery, four to ten years for criminal conspiracy, one to two years for simple assault, and two to five years for possession of an instrument of crime.[1] Gilliam appeals, contending the Commonwealth failed to bring him to trial pursuant to Pennsylvania Rule of Criminal Procedure 1100, and that, accordingly, he should be discharged. We affirm the decision of the trial court.

Gilliam and his codefendant, Bernard Carr, had a complaint filed against them on November 16, 1977. Thus, under Rule 1100, trial was to commence by May 14, 1978. On January 12, 1978, trial was scheduled to begin. The Commonwealth, Gilliam and defense counsel all appeared, however, defense counsel requested a continuance to enable the defense to obtain the notes of testimony from the

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania is sitting by designation.

1. We note that Gilliam was convicted of simple assault, a lesser included offense of the robbery conviction. Simple assault merges with robbery for sentencing purposes. *Commonwealth v. Bryant*, 282 Pa.Super. 600, 423 A.2d 407 (1980). We are permitted to examine an issue of an illegal sentence *sua sponte*. *Commonwealth v. Aeschbacher*, 276 Pa.Super. 554, 419 A.2d 596 (1980). While the trial court sought to vacate the simple assault sentence in its opinion of November 13, 1979, it was without jurisdiction to do so. Pa.R. A.P. Rule 1701. We are satisfied that the sentence for simple assault was improperly imposed. *Commonwealth v. Crocker*, 280 Pa.Super. 470, 421 A.2d 818 (1980). Accordingly, we vacate the sentence imposed for simple assault.

preliminary hearing. A continuance was granted. Trial was set for February 22, 1978. On February 22, 1978, Gilliam appeared for trial but his counsel did not. The court continued the case until March 21, 1978.

On March 21, 1978, Gilliam's and Carr's cases were listed to be tried jointly. A pretrial hearing on Carr's motion to suppress evidence was heard before the trial court. The suppression motions were denied, however, the suppression hearing judge recused himself, *sua sponte*, from trial. Trial was then set for April 19, 1978. On April 19, 1978, Gilliam and Carr both failed to appear for trial because they were on trial elsewhere and accordingly unavailable. A new trial date was set for May 11, 1978. On May 11, 1978, the complainant failed to appear and a new trial date was set for June 22, 1978. The next day, May 12, 1978, the Commonwealth filed a petition for an extension under Rule 1100(c).[2] On June 9, 1978, the trial court granted an extension and set a new trial date of June 22, 1978. On June 22, 1978, Gilliam was on trial elsewhere and accordingly unavailable. A Rule 1100(c) petition requesting an extension was timely filed on June 23, 1978, and that petition was granted after a hearing held on July 27, 1978. A new trial date was set for August 14, 1978. Trial commenced and ended on August 14, 1978.

Gilliam contends the Commonwealth did not take reasonable steps to assure the complainant would appear on May 11, 1978 and that, therefore, the trial court erred in granting an extension on June 9, 1978. The record disclosed that on May 2, 1978, the Commonwealth attempted to serve a subpoena

---

**2.** Rule 1100(c) provides:

(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

54

upon the complainant. Copies of the subpoena were left at every known address of the complainant.

■ In deciding whether the lower court properly granted the Commonwealth's petition to extend, we must examine the record in light of the following principle:

> The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). Cf. *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted. See *Commonwealth v. Mitchell*, supra. *Commonwealth v. Ehredt*, supra 485 Pa. 191 at 194, 401 A.2d 358 at 360. [485 Pa. 191, 401 A.2d 358 (1979)]

*Commonwealth v. Freeman*, 280 Pa.Super. 462, 421 A.2d 814, 817 (1980).

We also note that while it is clear that the unavailability of a Commonwealth witness is a relevant factor in determining whether an extension should be granted, see *Commonwealth v. Brown*, 252 Pa.Super. 365, 381 A.2d 961 (1977), it is just as clear that bare statements by the Commonwealth's attorney of witness unavailability, without more, do not establish due diligence within the standards outlined in Pa.R.Crim.P. 1100(c). See *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979); *Commonwealth v. Jackson*, 269 Pa.Super. 249, 409 A.2d 873 (1979).

*Commonwealth v. Schuster*, 288 Pa.Super. 310, 315–316, 431 A.2d 1063, 1065–1066 (1981). We hold that the Commonwealth exercised due diligence in its attempts to serve a subpoena upon the complainant. The unavailability of the Commonwealth's witness occurred despite its due diligence. *Commonwealth v. Thompson*, 292 Pa.Super. 108, 436 A.2d 1028 (1981), *Commonwealth v. Brown*, 251 Pa.Super. 179, 380

A.2d 436 (1977). Accordingly, the first 1100(c) extension was properly granted.

Gilliam contends further, that the trial court erred in computing the extension it granted until June 23, 1978. Thus, Gilliam argues that the second 1100(c) extension sought by the Commonwealth was not timely.

■ Gilliam asserts that he was not responsible for all the delays and as such the first 1100(c) extension should only have been granted until June 1, 1978. However, the record clearly indicates that each continuance was granted until the next available trial date and that Gilliam did not object to the continuances. Accordingly, Gilliam cannot now argue that the delays were improperly charged to his responsibility. Rule 1100(c) refers to the due diligence of the prosecuting attorney's office. It does not refer to the judiciary. The fact that the trial dates were not available at an earlier time does not reflect upon the diligence of the Commonwealth.[3] *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). The Commonwealth was ready for trial at all times excepting on May 11, 1978. We have already held that the Commonwealth exercised due diligence to proceed to trial on that date. The Commonwealth made every attempt to bring Gilliam to trial at the earliest conceivable trial date. Thus, we are unable to hold that the Commonwealth did not exercise due diligence. *Commonwealth v. Smith*, 477 Pa. 424, 383 A.2d 1280 (1978), *Commonwealth v. Bayani*, 261 Pa.Super. 369, 396 A.2d 443 (1978).

Judgment of sentence affirmed, except the sentence for simple assault is vacated.[4]

CIRILLO, J., files concurring opinion.

**3.** Moreover, in compliance with *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the record shows the causes of the court delay and the reasons why the delay could not be avoided.

**4.** Gilliam's codefendant, Carr, appealed to this court contending that his trial was not brought within the time constraints provided in Rule 1100. We affirmed the decision of the trial court which denied Carr's Rule 1100(c) petition in *Commonwealth v. Carr*, 292 Pa.Super. 137, 436 A.2d 1189 (1981). We are convinced that the reasons stated in

56

CIRILLO, Judge, concurring:

I agree with the majority that appellant's Rule 1100[1] claim is meritless and approve of most of the reasoning in its opinion. Nevertheless, I am compelled to briefly comment on appellant's contention that the lower court improperly computed the length of the first extension permitted by Rule 1100.

Appellant maintains that the lower court improperly concluded that certain periods of delay were caused by him.[2] He contends, therefore, that the length of the first extension was excessive, making the filing of the second petition for extension untimely. Even assuming that appellant did not cause all of the delays attributed to him by the lower court, his argument is without merit. The length of the extension is not determined solely by the length of delay which could have been excluded under the Rule. "The length of extension is restricted only by the requirement that the extension be 'reasonable, limited . . . specifying the date or period within which trial shall be commenced.'" *Commonwealth v. Gibson*, 248 Pa.Super. 348, 352, 375 A.2d 132, 134 (1977), quoting *Commonwealth v. Mayfield*, 469 Pa. 214, 220, 364 A.2d 1345, 1348 (1976). I would find that the length of the first extension was reasonable. The extension order specified the date before which trial was to commence, and trial, in fact, was scheduled before the new run date. Therefore, the second petition for extension filed prior to the new run

our decision in *Commonwealth v. Carr*, supra, are applicable to the instant case and provide further support for our decision to affirm the judgment of sentence entered by the trial court.

1. Pa.R.Crim.P., Rule 1100, 42 Pa.C.S.A.

2. The lower court and appellant refer to particular periods of delay as "chargeable" to either party. It should be noted that in *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), the Supreme Court expressly denounced the wording of Rule 1100 issues in this manner: " . . . [S]uch terminology only serves to confuse the issue and thereby tends to cause confusion in the application of the Rule. . . . [A]rguments relating to Rule 1100 are properly advanced by employing the terminology of the Rule." *Id.*, 469 Pa. at 13–14, 364 A.2d at 696–697. *See also Commonwealth v. Goodman*, 260 Pa.Super. 266, 393 A.2d 1256 (1978).

date was timely, and appellant was not denied his right to a speedy trial.