J-S34015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA MICHAEL PROPER | : | |
| | : | |
| Appellant | : | No. 2104 MDA 2019 |

Appeal from the PCRA Order Entered December 10, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001592-2017

BEFORE: PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:                    **FILED AUGUST 25, 2020**

Joshua Michael Proper appeals from the order of December 10, 2019, entered in the Court of Common Pleas of Lancaster County, which dismissed, without a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. On appeal, Proper claims he received ineffective assistance of counsel. For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the PCRA court's January 27, 2020 opinion.

> On February 19, 2017, Proper was charged with two counts of criminal homicide, two counts of robbery, burglary and criminal conspiracy[a] from an incident involving the brutal torture-killings of two disabled brothers, Richard Walton and Leroy Kinsey, on February 19, 2017. Proper and his co-conspirator, Juan Cristo-Munoz,[b] forced their way into the brothers' home in Lancaster City, demanded money from the victims and then repeatedly stabbed them. Kinsey was stabbed at least ten times. Walton was stabbed 54 times with a sword taken from the home. The co-defendants then fled to the basement of the home, where officers

ultimately found them after responding to a 911 call for a burglary in progress placed by a third occupant of the home who had fled to the roof.

[a] 18 Pa.C.S.A. § 2501(A), 18 Pa.C.S.A. § 3701(a)(1)(i), 18 Pa.C.S.A. § 3502(a)(1)(i), and 18 Pa.C.S.A. § 903(A), respectively.

[b] On February 19, 2017, the Commonwealth charged Cristo-Munoz with the same offenses at Information No. 1591-2017.

Proper's preliminary hearing was initially scheduled for March 3, 2017. On February 22, 2017, the Lancaster County Office of the Public Defender, [ ] David L. Blanck, Esquire, and Patricia K. Spotts, Esquire, [were] assigned to represent Proper. At defense counsels' request, the preliminary hearing was continued, and on March 10, 2017, Proper waived his preliminary hearing.

Pursuant to Pa.R.Crim.P. 802, the Commonwealth filed a Notice of Intent to Seek a Sentence of Death against Proper on March 22, 2017. Specifically, the Commonwealth believed it could prove four statutory aggravating circumstances: (1) defendant committed a killing while in the perpetration of a felony, specifically, burglary and robbery; (2) in the commission of the offense, the defendant knowingly created a grave risk of death to another person in addition to the victims of the offense (Ryan Taska); (3) the killing was committed by means of torture (victim Leroy Kinsey); and (4) the defendant has committed multiple murders. Consequently, a pre-trial conference was held in chambers on April 6, 2017. In attendance at the conference were counsel for Proper, counsel for co-defendant Cristo-Munoz, and the assistant district attorney prosecuting the cases.

Defense counsel Blanck indicated at that time that the Proper defense team would be retaining a mitigation specialist. . . . Attorney Blanck anticipated that it could take up to one and one-half years at a minimum to complete the investigation. It was understood by Attorney Blanck and the [trial c]ourt that there would be a general continuance on the defense to allow counsel to prepare their case, and that the Commonwealth would continue to produce discovery as it was received. No formal continuance forms were submitted to the [trial c]ourt at that time, nor was any formal allocation of time for purposes of Pa.R.Crim.P. 600 put on

the record. Attorney Blanck's understanding at the conclusion of the pretrial conference was that once mitigation was completed, counsel would notify the [trial c]ourt that they were ready to discuss possible trial dates.

Just days later, on April 10, 2017, the Commonwealth filed a notice of intent to consolidate the cases of the two co-defendants, Proper and Cristo-Munoz, pursuant to Pa.R.Crim.P. 582. The formal arraignment for Proper took place on April 13, 2017. The bulk of the Commonwealth's evidence was forwarded to defense counsel on June 9, 2017, with the DNA results being sent on September 6, 2017.

On February 13, 2018, approximately one year after the charges were filed, the Commonwealth requested a pre-trial status conference to address the status of mitigation and to assess the need to schedule a trial date. The conference took place in chambers on February 20, 2018. At that time, defense counsel for Proper executed a Rule 600 waiver and continuance request to September 17, 2018.

In exchange for the Commonwealth dropping the death penalty, Proper agreed to enter a negotiated guilty plea to all charges on September 24, 2018. [The trial c]ourt accepted the plea and imposed concurrent mandatory sentences of life without the possibility of parole on the two first-degree murder convictions. The following concurrent sentences, as per the negotiated plea agreement, were further ordered: (1) 1 to 2 years' incarceration on the burglary conviction; (2) 6 to 12 years' incarceration on the robbery conviction; (3) 6 to 12 years' incarceration on the second robbery conviction; and (4) 1 to 2 years' incarceration on the criminal conspiracy to commit burglary conviction. Proper was ordered to pay restitution in the amount of $33,470.60, plus costs. No post sentence motion or direct appeal was filed.

On August [14], 2019, Proper filed, *pro se*, a timely petition for post conviction collateral relief which challenged the effectiveness of his trial counsel. Daniel C. Bardo, Esquire, was appointed to represent Proper on his collateral claims and was granted leave to file an amended petition by October 21, 2019.

On October 15, 2019, an amended petition was filed by PCRA [c]ounsel raising a single issue, namely that Proper was denied the effective assistance of counsel when he was advised by

- 3 -

Attorneys Blanck and Spotts to plead guilty rather than file and litigate a motion to dismiss his charges pursuant to Pa.R.Crim.P. 600. Proper essentially charged that his guilty plea was coerced by the alleged deprivation of his speedy trial rights. He challenged the voluntariness of his plea based on counsel's advice which failed to consider a Rule 600 motion. Proper claimed that had counsel filed and litigated a Rule 600 motion, the [trial c]ourt "would have dismissed the charges" against him, and no guilty plea would have been entered.

In [the PCRA court's] Pa.R.Crim.P. 907 [Notice and] Opinion dated November 4, 2019, [it] found that Proper had failed to demonstrate that his Rule 600 claim was of arguable merit, and he had further failed to demonstrate any prejudice in counsel's failure to pursue a meritless Rule 600 claim. . . . Moreover, on review, considering all the circumstances attendant to the plea, including the adequacy of the plea colloquy, and Proper's responses therein, and the representations by defense counsel, [it] found that the guilty plea was knowing, voluntary and intelligent, and was properly accepted. Proper was given 30 days in which to file a second amended petition or to otherwise respond to the Notice pursuant to Pa.R.Crim.P. 907. No response to the Rule 907 Notice was filed. Accordingly, on December 10, 2019, a final order was entered denying Proper's amended PCRA petition.

A timely notice of appeal to the Superior Court of Pennsylvania was filed on December 23, 2019. Pursuant to [the PCRA c]ourt's directive, Proper furnished a statement of errors complained of on appeal. . . . [On January 27, 2020, the PCRA court issued an opinion.].

PCRA Court Opinion, 1/27/20, at 1-7 (some footnotes, citations, and record citations omitted).

Our standard of review is settled. We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *See* ***Commonwealth v. Faulk***, 21 A.3d 1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the PCRA, Proper must establish, *inter alia*, his

- 4 -

conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). *See* 42 Pa.C.S.A. § 9543(a)(2). He must also establish the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

> . . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted, brackets in original).

On appeal, Proper claims, "plea counsel [were] ineffective when they failed to file a Rule 600 motion, waived his Rule 600 rights for 209 days without a reasonable basis, and advised him to plead guilty when Rule 600 would have entitled him to dismissal." Appellant's Brief, at 4. We disagree.

- 5 -

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** (internal quotation marks and citations omitted).

We presume counsel is effective, and an appellant bears the burden to prove otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. ***See Strickland v. Washington***, 466 U.S. 668, 687-88 (1984); ***see also Commonwealth v. Jones***, 815 A.2d 598, 611 (Pa. 2002). An appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. ***See Commonwealth v. Solano***, 129 A.3d 1156, 1162-63 (Pa. 2015). A

failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Jones*, 815 A.2d at 611. In order to satisfy the prejudice requirement, Proper must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Rathfon*, 899 A.2d at 370 (citation omitted).

"A plea of guilty effectively waives all nonjurisdictional defects and defenses." *Commonwealth v. Gibson*, 561 A.2d 1240, 1242 (Pa. Super. 1989) (citation omitted). A defendant who pleads guilty may not raise a Rule 600 challenge unless he can show the Rule 600 violation affected the voluntariness of the plea itself. *Id.; see also Commonwealth v. Barbaro*, 94 A.3d 389, 391 n.2 (Pa. Super. 2014) (stating that when a defendant pleads guilty, he waives all claims except the legality of his sentence and the validity of his plea).

Instantly, Proper failed to raise a Rule 600 claim at any time before the trial court. Proper did not move to withdraw his plea either. He also failed to pursue a direct appeal. Therefore, his Rule 600 challenge is undoubtedly waived. *See* 42 Pa.C.S.A. § 9544(b).

Recognizing this, Proper phrases his current challenge as a claim counsel was ineffective for advising him to plead guilty when he had a viable Rule 600 claim. However, at no point in his brief on appeal does Proper ever discuss his

plea, its voluntariness, or state counsel coerced him into accepting the plea.[1] Appellant's Brief, at 8-15. Rather, Proper's argument consists largely of boilerplate on Rule 600 and a claim the PCRA court erred in adopting the transcript from the Cristo-Munoz pre-trial conference. *See id.* Proper's claim is not that the plea itself was involuntary, but he would not have been required to plead guilty if counsel had filed a Rule 600 motion because the charges against him would him been dismissed. *See id.*

Initially, we agree with the Commonwealth, Proper waived any challenge to the PCRA court's reliance on the Cristo-Munoz pre-trial conference transcript by failing to file a response to the Rule 907 notice and opinion and by raising the issue for the first time in his Rule 1925(b) statement. *See* Appellee's Brief, at 17-19.

In his reply brief, Proper argues he was not obligated to respond to the Rule 907 notice and opinion. He asserts that a response to the Rule 907 notice and opinion was not the proper place to challenge the court's reliance on the transcript. Furthermore, he claims he did not become aware the PCRA court would be relying on the transcript until it issued its Rule 1925(b) opinion. *See* Appellant's Reply Brief, at 6-8. We disagree.

---

[1] Because Proper never discusses his plea colloquy or indicates in any other respect his plea involuntary, other than the failure to file a Rule 600 motion, we will not further discuss the colloquy. In any event, were we to further address it we would find his plea voluntary for the reasons discussed in the PCRA court's Rule 907 notice and opinion. *See* PCRA Court Rule 907 Notice and Opinion, 11/04/19, at 12-15.

Proper's claim he was somehow unaware the PCRA court would be depending on the Cristo-Munoz pre-trial conference transcript in making factual findings about the Rule 600 issue is disingenuous. While the PCRA court did not formally adopt the transcript until the Rule 1925(b) opinion, **see** PCRA Ct. Op., 1/27/20, at 9, even a cursory reading of the Rule 907 notice and opinion makes it readily apparent the PCRA court was relying on Proper's counsel's testimony at this conference in concluding there was no basis for a Rule 600 motion. **See id.**, at 7-12.

We have stated:

> [t]he purpose of a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response to the Rule 907 notice **is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment.** The response is also the opportunity for the petitioner to object to counsel's effectiveness at the PCRA level.

**Commonwealth v. Smith**, 121 A.3d 1049, 1054 (Pa. Super. 2015) (citations and quotation marks omitted, emphasis added).

Proper first raised the claim regarding the failure to file a Rule 600 motion in his amended PCRA petition. The cursory claim stated therein, that counsel was ineffective for failing to file a Rule 600 motion and/or waiving his Rule 600 rights, is inadequate to alert the PCRA court regarding the underlying basis of his claim. **See** Amended PCRA Petition, 10/15/19, at 2. It did not

include affidavits from trial counsel or Proper regarding the factual basis of the contention.[2]

A response to the Rule 907 notice and opinion would have alerted the PCRA court to a perceived legal error, namely Proper's belief the court could not rely on a record developed in his co-defendant's consolidated case. More importantly, it would have allowed Proper to seek leave to amend his PCRA petition to flesh out his claim and refute the PCRA's court factual finding an evidentiary hearing was unnecessary because the record demonstrated all delays in the case were at the request of Proper's counsel. Therefore, we disagree with Proper's argument it was unnecessary to file a response to the Rule 907 notice and opinion. He has waived his challenge to the PCRA court's use of the Cristo-Munoz pre-trial conference transcript. *See Smith* at 1054; *see also Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) statement are waived).

Proper also argues his counsel was ineffective for signing the Rule 600 waiver and failing to file a Rule 600 motion. *See* Appellant's Brief at 8-11. We disagree.

Ordinarily, upon the proper and timely filing of a Rule 600 motion, it would be the Commonwealth's burden to establish due diligence was exercised

---

[2] This Court has thoroughly reviewed both the record below and the briefs on appeal and is still unable to ascertain the basis of Proper's belief he had a viable Rule 600 claim.

- 10 -

in bringing a defendant to trial. The procedural posture of this case, however, is such that Proper, upon collateral review, is attempting to demonstrate plea counsel was ineffective for failing to file a Rule 600 motion and/or signing Rule 600 waivers, and thus, Proper bears both the burdens of production and persuasion in demonstrating he was prejudiced by the failure of trial counsel to file a Rule 600 motion. *See Commonwealth v. Chmiel*, 889 A.2d 501, 540 (Pa. 2005) (stating that the burden of proving ineffective assistance of counsel rests with Appellant); *see also Commonwealth v. Natividad*, 938 A.2d 310, 321–22 (Pa. 2007) (noting appellant bears burden of pleading and proving each of *Pierce* prongs on appeal).

In his brief to this Court, Proper fails to develop any substantive argument for why the continuances constituted ineffective assistance in this case. This is particularly true given the continuances were granted to allow counsel to develop a mitigation defense in a death penalty case.

Proper baldly argues "[t]he record on its face support a Rule 600 violation." Appellant's brief at 9. However, Proper never disputes the PCRA court's factual findings the delays were attributable to him and those delays were to aid in preparing a mitigation defense.

Proper contends a Rule 600 waiver signed solely by counsel "is not always valid." *Id.* at 11. However, he does not explain why the waiver in this particular case was not valid, never contends he was unaware of the

continuances or objected to them, and never demonstrates how the delays prejudiced him.

As explained above, the burden of proof rests with an appellant when he challenges a Rule 600 violation as part of his ineffectiveness of counsel claim within a PCRA context. Here, Proper does not develop an argument in his brief sufficient to suggest the Commonwealth failed to exercise due diligence bringing him to trial, there was any basis whatsoever for a Rule 600 motion, or that absent's counsel's failure he would not have pleaded guilty.[3] We therefore conclude Proper has failed to show the arguable-merit prong of his claim that trial counsel was ineffective for failing to file a Rule 600 motion. *See Commonwealth v. Philistin*, 53 A.3d 1, 10 (Pa. 2012) (Failure to prove any prong of [the *Pierce*] test will defeat an ineffectiveness claim). As a result, his claims of ineffective assistance of plea counsel lack merit.

_____

[3] As noted above, Proper's counsel, David Blanck, squarely testified at the March 12, 2018 conference that he requested a continuance to prepare a mitigation defense; this continuance would need to be for at least 1-2 years; and he understood this time was attributable to the defense. *See* N.T., Pretrial Conference, 3/02/18, at 33-37. The lead prosecutor in the case, Christine Wilson, also testified at the conference and confirmed this testimony. *See id.* at 9-10. As noted above, Proper has produced nothing that would call this testimony into doubt. Given this, we are unable to ascertain any basis for Proper's belief a Rule 600 motion would have resulted in dismissal of the charges or the failure to file one somehow caused him to render an involuntary guilty plea. Given the overwhelming nature of the evidence in this particular case and that counsel was able to negotiate a plea during this period which took the death penalty off the table, we see no basis for Proper's protestations of counsel's ineffectiveness.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/25/2020

February 5, 2020

Re: Joshua M. Proper
Cp Cr No: 1592-2017
Superior Cr No: 2104 MDA 2019

Index of Opinion
1. Index of Opinion
2. Opinion and Order

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**C R I M I N A L**

COMMONWEALTH OF PENNSYLVANIA  :

v.  :      No. 1592 - 2017

JOSHUA MICHAEL PROPER  :

**OPINION SUR PA.R.A.P. 1925(a)**

BY:    ASHWORTH, P.J., JANUARY 27, 2020

Joshua Michael Proper has filed a direct appeal to the Superior Court of

Pennsylvania from the denial of his amended petition filed pursuant to the Post

Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. This Opinion is written

pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, and for the

following reasons, this Court requests that this appeal be dismissed.

I.     **Background**

The relevant facts and procedural history may be summarized as follows. On

February 19, 2017, Proper was charged with two counts of criminal homicide, two

counts of robbery, burglary and criminal conspiracy[1] from an incident involving the

brutal torture-killings of two disabled brothers, Richard Walton and Leroy Kinsey, on

February 19, 2017. Proper and his co-conspirator, Juan Cristo-Munoz,[2] forced their

---

[1]18 Pa.C.S.A. § 2501(A), 18 Pa.C.S.A. § 3701(a)(1)(i), 18 Pa.C.S.A. § 3502(1)(i), and
18 Pa.C.S.A. § 903(A), respectively.

[2]On February 19, 2017, the Commonwealth charged Cristo-Munoz with the same
criminal offenses at Information No. 1591-2017.

way into the brothers' home in Lancaster City, demanded money from the victims and then repeatedly stabbed them. Kinsey was stabbed at least ten times. Walton was stabbed 54 times with a sword taken from the home. Notes of Testimony (N.T.), Guilty Plea/Sentencing at 23. The co-defendants then fled to the basement of the home, where officers ultimately found them after responding to a 911 call for a burglary in progress placed by a third occupant of the home who had fled to the roof. Id. at 21-22.

Proper's preliminary hearing was initially scheduled for March 3, 2017. On February 22, 2017, the Lancaster County Office of the Public Defender, specifically David L. Blanck, Esquire, and Patricia K. Spotts, Esquire, was assigned to represent Proper. At defense counsels' request, the preliminary hearing was continued, and on March 10, 2017, Proper waived his preliminary hearing.

Pursuant to Pa.R.Crim.P. 802, the Commonwealth filed a Notice of Intent to Seek a Sentence of Death against Proper on March 22, 2017. Specifically, the Commonwealth believed it could prove four statutory aggravating circumstances: (1) defendant committed a killing while in the perpetration of a felony, specifically, burglary and robbery; (2) in the commission of the offense, the defendant knowingly created a grave risk of death to another person in addition to the victims of the offense (Ryan Taska); (3) the killing was committed by means of torture (victim Leroy Kinsey); and (4) the defendant has committed multiple murders.[3] Consequently, a pre-trial conference

---

[3]Section 9711 of the Crimes Code provides in relevant part:
**(d) Aggravating circumstances.–** Aggravating circumstances shall be limited to the following:
(6) The defendant committed a killing while in the perpetration of a felony.
(7) In the commission of the offense the defendant knowingly created a grave risk of death to another person in addition to the victim of the offense.

2

was held in chambers on April 6, 2017.[4] In attendance at the conference were counsel for Proper, counsel for co-defendant Cristo-Munoz, and the assistant district attorney prosecuting the cases.

Defense counsel Blanck indicated at that time that the Proper defense team would be retaining a mitigation specialist and that they would need sufficient time for the mitigation specialist to complete the investigation, which was "of paramount importance" in a death penalty case.[5] *See* N.T., Cristo-Munoz Pretrial Conference, March 2, 2018 (No. 1591-2017) at 34.[6] Attorney Blanck anticipated that it could take up to one and one-half years at a minimum to complete the investigation. Id. at 35. It was understood by Attorney Blanck and the Court that there would be a general continuance on the defense to allow counsel to prepare their case, and that the Commonwealth would continue to produce discovery as it was received. Id. at 36-37.

---

(8) The offense was committed by means of torture.

. . .

(11) The defendant has been convicted of another murder committed in any jurisdiction and committed either before or at the time of the offense at issue.
42 Pa.C.S.A. §§ 9711(d)(6), (7), (8) and (11).

[4]It is common practice in the Court of Common Pleas of Lancaster County, once a death penalty case has been assigned, to conduct an informal conference with counsel in chambers to assess the procedural posture of the case and to discuss how the parties are going to proceed. *See* N.T., Cristo-Munoz Pretrial Conference, March 2, 2018 (No. 1591-2017) at 10.

[5]Although our Supreme Court has held that there is no *per se* requirement that, in all capital cases, counsel must employ a separate mitigation specialist, *see* **Commonwealth v. Baumhammers**, 625 Pa. 354, 381, 92 A.3d 708, 724 (2014), "[c]apital counsel have an obligation to pursue all reasonably available avenues for developing mitigation evidence." **Commonwealth v. Rega**, 593 Pa. 659, 708, 933 A.2d 997, 1025 (2007).

[6]Attorney Blanck was subpoenaed by the Commonwealth to testify at a later Rule 600 Hearing for co-defendant Cristo-Munoz regarding his understanding of the April 6, 2017, pretrial conference. N.T., Cristo-Munoz Pretrial Conference, March 2, 2018 (No. 1591-2017) at 33.

3

No formal continuance forms were submitted to the Court at that time, nor was any formal allocation of time for purposes of Pa.R.Crim.P. 600 put on the record. Id. at 37-38. Attorney Blanck's understanding at the conclusion of the pretrial conference was that once mitigation was completed, counsel would notify the Court that they were ready to discuss possible trial dates. Id. at 36.

Just days later, on April 10, 2017, the Commonwealth filed a notice of intent to consolidate the cases of the two co-defendants, Proper and Cristo-Munoz, pursuant to Pa.R.Crim.P. 582.[7] The formal arraignment for Proper took place on April 13, 2017. The bulk of the Commonwealth's evidence was forwarded to defense counsel on June 9, 2017, with the DNA results being sent on September 6, 2017. See N.T., Cristo-Munoz Pretrial Conference, March 2, 2018 (No. 1591-2017) at 10-11, 13.

On February 13, 2018, approximately one year after the charges were filed, the Commonwealth requested a pre-trial status conference to address the status of mitigation and to assess the need to schedule a trial date. The conference took place in chambers on February 20, 2018.[8] At that time, defense counsel for Proper executed

---

[7] Rule 582(A) provides, in relevant part:
Defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Pa.R.Crim.P. 582(A)(2).

[8] As a result of conversations held with defense counsel for co-defendant Cristo-Munoz during this status conference with the Court, a time allocation hearing was scheduled for March 2, 2018, to determine whether the Commonwealth exercised due diligence in bringing Cristo-Munoz to trial. N.T., Cristo-Munoz Pretrial Conference, March 2, 2018 (No. 1591-2017) Hearing at 3. No formal Rule 600 motion had yet been filed by Cristo-Munoz so it was the Court's intention to simply make a determination of time allocation up to the date of the hearing. Id. at 3-4. At the conclusion of the hearing, the parties were told to submit briefs and a proposed order setting forth the allocation of time attributable to each party. Id. at 42. On March 12, 2018, Cristo-Munoz filed a Rule 600 motion and brief in support thereof. The Commonwealth,

4

a Rule 600 waiver and continuance request to September 17, 2018.[9]

In exchange for the Commonwealth dropping the death penalty, Proper agreed to enter a negotiated guilty plea to all charges on September 24, 2018. N.T., Guilty Plea/Sentencing at 3. This Court accepted the plea and imposed concurrent mandatory sentences of life without the possibility of parole on the two first-degree murder convictions.[10] Id. at 32. The following concurrent sentences, as per the negotiated plea agreement, were further ordered: (1) 1 to 2 years' incarceration on the burglary conviction; (2) 6 to 12 years' incarceration on the robbery conviction; (3) 6 to 12 years' incarceration on the second robbery conviction; and (4) 1 to 2 years' incarceration on the criminal conspiracy to commit burglary conviction. Id. at 33. Proper was ordered to pay restitution in the amount of $33,470.60,[11] plus costs.[12] Id. No post sentence motion or direct appeal was filed.

On August 12, 2019,[13] Proper filed, *pro se*, a timely[14] petition for post conviction

---

however, did not file a responsive brief because, in exchange for the Commonwealth dropping the death penalty, Cristo-Munoz agreed to enter a guilty plea to all charges. Id. at 30.

[9]The Rule 600 waiver and continuance request did not bear Proper's signature. *See* Amended Petition, Ex. "A."

[10]Pennsylvania law mandates that if a person is found guilty of first degree murder and does not receive the death penalty he or she will receive a sentence of life imprisonment without the possibility of parole. *See* 18 Pa.C.S.A. § 1102(a)(1).

[11]Proper is jointly and severally liable with his co-defendant, Cristo-Munoz, for this restitution amount. N.T., Guilty Plea/Sentencing at 33.

[12]Proper acknowledged and agreed that he has the ability to pay all fines, costs and restitution, and waived any further pre-sentence determination of ability to pay. *See* Plea Agreement.

[13]The pleading is deemed filed on the date of mailing, August 12, 2019, rather than the date of docketing, August 14, 2019, pursuant to the "prisoner mailbox rule." *See* **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner

5

collateral relief which challenged the effectiveness of his trial counsel. *See Pro Se PCRA Petition.* Pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure, Daniel C. Bardo, Esquire, was appointed to represent Proper on his collateral claims and was granted leave to file an amended petition by October 21, 2019.

On October 15, 2019, an amended petition was filed by PCRA Counsel raising a single issue, namely that Proper was denied the effective assistance of counsel when he was advised by Attorneys Blanck and Spotts to plead guilty rather than file and litigate a motion to dismiss his charges pursuant to Pa.R.Crim.P. 600. *See* Amended PCRA Petition at ¶ 11. Proper essentially charged that his guilty plea was coerced by the alleged deprivation of his speedy trial rights. He challenged the voluntariness of his plea based on counsel's advice which failed to consider a Rule 600 motion. Proper claimed that had counsel filed and litigated a Rule 600 motion, the Court "would have dismissed the charges" against him, and no guilty plea would have been entered. *See* Amended PCRA Petition at ¶ 12.

---

mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

[14]Pursuant to 42 Pa.C.S.A. § 9545(b), a petition for relief must be filed within one year of the date the judgment of sentence becomes final. For purposes of the PCRA, a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of the time for seeking such review. Id. at § 9545(b)(3). *See also* **Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. Super. 2012). As Proper did not file a direct appeal with the Pennsylvania Superior Court, his judgment of sentence became final 30 days after the judgment of sentence was entered, or on October 24, 2018, when the period for filing an appeal with the Superior Court expired. Proper filed his *pro se* PCRA petition on August 12, 2019; as a result, it was timely.

6

In my Pa.R.Crim.P. 907 Opinion dated November 4, 2019, I found that Proper had failed to demonstrate that his Rule 600 claim was of arguable merit, and he had further failed to demonstrate any prejudice in counsel's failure to pursue a meritless Rule 600 claim. *See* **Commonwealth v. Gibson**, 561 A.2d 1240, 1242 (Pa. Super. 1989). Moreover, on review, considering all the circumstances attendant to the plea, including the adequacy of the plea colloquy, and Proper's responses therein, and the representations by defense counsel, I found that the guilty plea was knowing, voluntary and intelligent, and was properly accepted. Proper was given 30 days in which to file a second amended petition or to otherwise respond to the Notice pursuant to Pa.R.Crim.P. 907. No response to the Rule 907 Notice was filed. Accordingly, on December 10, 2019, a final order was entered denying Proper's amended PCRA petition.

A timely notice of appeal to the Superior Court of Pennsylvania was filed on December 23, 2019. Pursuant to this Court's directive, Proper furnished a statement of errors complained of on appeal which raises one issue: whether the Court improperly dismissed Proper's amended PCRA petition without a hearing after improperly relying on "extra-record evidence." Concise Statement at ¶ 1.

## II.    Discussion

### A.    Extra-Record Evidence

Proper claims his amended PCRA petition raised a "genuine factual dispute" as to trial counsel's ineffectiveness for failing to file and litigate a Rule 600 motion, and this

7

Court "improperly relied on extra-record evidence – specifically a co[-]defendant's Rule 600 hearing – to ignore the genuine issues of material fact," and wrongly denied him an evidentiary hearing on the Rule 600 issue. Concise Statement at ¶ 1. Our Superior Court has explained that the right to an evidentiary hearing on a post-conviction petition is not absolute.

> It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted). *See also* **Commonwealth v. Shaw**, 217 A.3d 265, 269 (Pa. Super. 2019) (*citing* **Wah**, *supra*). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Id. (citations omitted). *See also* **Commonwealth v. Velazquez**, 216 A.3d 1146, 1149 (Pa. Super. 2019) (*citing* **Wah**, *supra*).

The certified record is comprised of "[t]he original papers and exhibits filed in the lower court, paper copies of legal papers filed . . . by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court. . . ." Pa.R.A.P.1921. The appellate court can only look at the certified record on appeal when reviewing a case. *See* **Commonwealth v. Cosby**, — A.3d —, *25 n.11, 2019 PA Super 354 (Pa. Super. Dec. 10, 2019) ("[A]s an appellate court, our review is limited by the contents of the certified record." (citation omitted)).

8

By Order entered on January 23, 2020, the Notes of Testimony from the Rule 600 Hearing for co-defendant Cristo-Munoz held on March 2, 2018 (No. 1591-2017), were made part of the certified record in this case for purposes of Proper's appeal. The testimony of Proper's trial attorney, David Blanck, contained in this transcript establishes the patently frivolous nature of Proper's Rule 600 claim. As part of the certified record, the Superior Court can rely upon the transcript in determining whether the Court's decision to deny the amended PCRA petition without an evidentiary hearing is supported by the evidence of record.

It is well settled that a court may take judicial notice of pleadings and judgments in other proceedings where appropriate. *See* **In re Estate of Schultz**, 392 Pa. 117, 123, 139 A.2d 560, 563 (1958); **Krenzel v. Southeastern Pennsylvania Transportation Authority**, 840 A.2d 450, 454 n.6 (Pa. Cmwlth. 2003). A court may also take judicial notice of established matters in publicly-available dockets for cases filed in its own jurisdiction. *See* **Deyarmin v. Consolidated Rail Corp.**, 931 A.2d 1, 15 n.10 (Pa. Super. 2007). This technique of judicial notice has been permitted for evaluating "speedy trial" claims. *See* **Commonwealth v. Jackson**, 269 Pa. Super. 249, 253-54, 409 A.2d 873, 875 (1979).

Here, the extra-record document of which this Court properly took judicial notice was the Rule 600 Hearing transcript included in the official record for the case of Proper's co-defendant Cristo-Munoz (No. 1591-2017), which case had been consolidated with Proper's for purposes of discovery and trial. The testimony of Attorney Blanck, who was subpoenaed by the Commonwealth to testify regarding his

9

understanding of the allocation of time in these capital cases for purposes of Rule 600, was under oath and subject to cross-examination, and thus constituted a ready, accurate and reliable source of information upon which this Court properly relied in assessing the potential of a viable Rule 600 claim by Proper.[15] This transcript has further been certified now as part of the official record of Proper's case for appellate review, and the Superior Court's review of the issue is not, therefore, hindered in any way.

## B.    Ineffective Assistance of Counsel

Here, Proper argued the ineffectiveness of trial counsel coerced him into a plea agreement that was not knowing and voluntary. "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness *caused* [the defendant] to enter an involuntary or unknowing plea." **Commonwealth v. Allen**, 557 Pa. 135, 732 A.2d 582, 587 (1999) (emphasis added). In determining whether a defendant entered into a guilty plea knowingly, voluntarily and intelligently, the PCRA court "is free to consider the totality of the circumstances surrounding the plea, . . . including, but not limited to, *transcripts from other proceedings*, 'off-the-record' communications with counsel, and written plea agreements." **Allen**, *supra* at 146-47, 732 A.2d at 588-89 (emphasis added).

---

[15]Rule 201 of the Pennsylvania Rules of Evidence provides that "[a] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b)(1)-(2). Trial attorney Blanck's testimony regarding the need for a general continuance on the defense for purposes of his mitigation specialist completing the death-penalty investigation of Proper amounts to the kind of objective information of which a court may take judicial notice.

10

Initially, Proper charged trial counsel with ineffectiveness for failing to file and litigate a Rule 600 motion to dismiss the charges prior to his plea. *See* Amended PCRA Petition at ¶ 11(a). By entering a guilty plea, Proper agreed to forego the right to file any pretrial motions and defenses. *See* Written Guilty Plea Colloquy at 2 (wherein Proper acknowledged that by pleading guilty, he was waiving his right to file pretrial motions or appeal any adverse decisions on such motions); *see also* N.T., Guilty Plea/Sentencing at 14 (wherein Proper acknowledged during the oral colloquy that by pleading guilty he was waiving the right to file and litigate any pre-trial motions).

Further, in pleading guilty, Proper effectively waived all claims except for the validity of the plea, the jurisdiction of the court accepting his plea, and the legality of the sentence. *See* Written Guilty Plea Colloquy at 5-6; *see also* **Commonwealth v. Eisenberg**, 626 Pa. 512, 98 A.3d 1268, 1275 (2014) ("upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed"); **Commonwealth v. Tareila**, 895 A.2d 1266, 1267 (Pa. Super. 2006) (same). This includes Rule 600 claims. *See* **Commonwealth v. Barbaro**, 94 A.3d 389, 391 n.2 (Pa. Super. 2014) (holding defendant waived claim of error pursuant to Rule 600 by entering guilty plea).

Thus, a defendant who pleads guilty cannot successfully raise a Rule 600 challenge *unless* he can show that the Rule 600 violation affected the voluntariness of the plea itself. **Gibson**, *supra* at 1242.

> Where, however, the [petitioner] can demonstrate that he did not
> knowingly waive his right to challenge said violation, and if he can
> demonstrate that the violation of Rule 1100 [now Rule 600] induced

11

his guilty plea, he may be entitled to pursue his claim. As such, the [petitioner] may allege that the waiver resulted from the ineffective assistance of trial counsel. In asserting a claim of ineffective assistance of trial counsel, a [petitioner] must demonstrate that his underlying claim is of arguable merit.

Id.

In his amended PCRA petition, Proper essentially charged that his guilty plea was coerced by the alleged deprivation of his speedy trial rights. He challenged the voluntariness of his plea based on counsel's advice which failed to consider a Rule 600 motion. *See* Amended PCRA Petition at ¶ 11(b)-(c). Proper claimed that had counsel filed and litigated a Rule 600 motion, the Court "would have dismissed the charges" against him, and no guilty plea would have been entered. Id. at ¶ 12.

Generally, Rule 600 requires the Commonwealth to bring a defendant to trial within 365 days from the date on which the complaint is filed. Pa.R.C.P. 600(A)(2)(a). *See also* **Commonwealth v. Moore**, 214 A.3d 244, 248 (Pa. Super. 2019).

> However, a defendant is not automatically entitled to discharge under Rule 600 where trial starts more than 365 days after the filing of the complaint. Rather, Rule 600 provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time. The adjusted run date is calculated by adding to the mechanical run date, *i.e.*, the date 365 days from the complaint, both excludable time and excusable delay. 'Excludable time' is classified as periods of delay caused by the defendant. Pa.R.Crim.P. 600(C)(2). 'Excusable delay' occurs where the delay is caused by circumstances beyond the Commonwealth's control and despite its due diligence.

Id. at 248-49 (citations and internal quotation marks omitted). *See* **Commonwealth v. Goldman**, 70 A.3d 874, 879-80 (Pa. Super. 2013).

12

On February 19, 2017, Proper was charged with two counts of criminal homicide, and related offenses. Therefore, the initial Rule 600 mechanical run date was February 19, 2018.

After the Commonwealth filed a Rule 802 Death Penalty Notice on March 22, 2017, a pre-trial conference was held in chambers on April 6, 2017. In attendance at the conference were counsel for co-defendants Proper and Cristo-Munoz, and the Commonwealth's prosecuting attorney. Defense counsel Blanck advised the Court and the Commonwealth at that time that the Proper defense team would be retaining a mitigation specialist and that they would need at least 18 months at a minimum to complete their investigation for this capital case. *See* N.T., Cristo-Munoz Pretrial Conference, March 2, 2018 (No. 1591-2017) at 34-35. Counsel "certainly understood . . . that [this] time would be on the defense." Id. at 36-37. It was also understood by the Court that it would be a general continuance on the defense to allow counsel to prepare their case and that the Commonwealth would continue to produce discovery as it was received. No formal continuance forms were submitted to the Court at that time, nor was any formal allocation of time put on the record. Id. at 37-38. Once the mitigation investigation was completed, Attorney Blanck would notify the Court that they were ready to discuss possible trial dates. Id. at 36. Just days later, on April 13, 2017, Proper's formal arraignment took place.

On February 13, 2018, approximately one year after the charges were filed, the Commonwealth requested a pre-trial status conference to address the status of mitigation and to assess the need to schedule a trial date. The conference took place

13

in chambers on February 20, 2018, at which time, defense counsel for Proper executed a Rule 600 waiver and continuance request to September 17, 2018.

The unequivocal testimonial evidence by Proper's defense attorney established that the entire delay in the prosecution of this case from April 6, 2017, through September 17, 2018, was attributable to Proper. A general continuance was orally requested on April 6, 2017, and granted so defense counsel could assemble a mitigation team to investigate the case for death penalty purposes. On February 20, 2018, a written request for a defense continuance was again granted as the mitigation investigation was still on-going. Therefore, even if counsel had filed a Rule 600 motion to dismiss prior to the tender of the guilty plea on September 24, 2018, Proper would not have had a viable claim. *See* Pa.R.Crim.P. 600(C)(3)(b); **Goldman**, *supra*. Thus, Proper's challenge to the voluntariness of his plea based on counsel's advice which failed to consider the Rule 600 motion was patently frivolous and had no support either in the record or other evidence. Accordingly, no evidentiary hearing was required.[16]

---

[16]Proper filed a "certification regarding witnesses" with his amended PCRA petition in which he identifies Attorneys Blanck and Spotts as intended witnesses at the requested evidentiary hearing. He averred that both counsel would testify "that there was no strategic reason for" (1) failing to file and litigate a Rule 600 motion, (20 waiving his Rule 600 rights, and (3) advising him to plead guilty when he was entitled to dismissal pursuant to Rule 600. *See* Amended PCRA Petition, Certification Regarding Witnesses at ¶¶ 1-2. To so testify, Attorney Blanck would have had to perjure himself. His original testimony at the March 2, 2018, hearing was under oath, and subject to cross-examination. I found his testimony to be credible and it convinced me beyond a reasonable doubt that counsel for Proper had requested a general continuance in this case, with time on the defense for purposes of Rule 600, to conduct the mitigation investigation necessitated by the death penalty notice. No further evidence was required as Proper's "claim [wa]s patently frivolous and ha[d] no support either in the record or other evidence." **Wah**, *supra* at 338.

14

### III.   Conclusion

For the reasons set forth above, it is respectfully requested that the appeal of Joshua Michael Proper from the denial of his Amended PCRA Petition be dismissed.

Accordingly, I enter the following:

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**C R I M I N A L**

COMMONWEALTH OF PENNSYLVANIA :
:
v. : No. 1592 - 2017
:
JOSHUA MICHAEL PROPER :

**O R D E R**

AND NOW, this 27th day of January, 2020, the Court hereby submits this Opinion

pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

BY THE COURT:

DAVID L. ASHWORTH
PRESIDENT JUDGE

Copies to:     Susan E. Moyer, Assistant District Attorney
               Daniel C. Bardo, Esquire